UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAVID DOWSETT,

                                    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-2018 (SLT)(SMG)

**TOWNES, United States District Judge:**

In May 2007, Queens Legal Services Corporation commenced this action on behalf of Plaintiff David Dowsett, seeking review of a final decision of the Commissioner of Social Security ("the Commissioner") which found that Plaintiff voluntarily withdrew his January 1978 application for Supplemental Security Income ("SSI") in March 1978. In a memorandum and order entered in August 2009, the Court granted the Commissioner's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Dowsett v. Astrue*, No. 07-CV-2018 (SLT) (SMG), 2009 WL 2777040, at *1 (E.D.N.Y. Aug. 31, 2009). Plaintiff did not appeal.

On June 6, 2017, nearly eight years after the judgment dismissing this action was entered, Plaintiff, proceeding *pro se*, mailed the Court a one-page letter (hereafter, "the Letter") discussing "things that [he] didn't tell to the local Attorneys at the Queens Legal Aid Office ... back in 2008." These "things" principally relate to Plaintiff's reasons for not pursuing the 1978 application. However, Plaintiff also states that "no application withdrawl [*sic*] form" was ever presented in this litigation and that he does not "know what kind of a form that [he] possibly signed." Plaintiff's letter ends by requesting that this Court "review accordingly."

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Read liberally, the Letter could be construed as a motion for reconsideration of this Court's 2009 order and judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. That rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). Morever, "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Letter does not cite to any cases or suggest that there is controlling data that was overlooked. First, while Plaintiff correctly notes that the Administrative Record did not contain a copy of his March 1978 withdrawal of his application, that fact was expressly acknowledged in a footnote in the Court's August 2009 memorandum and order. *Dowsett*, 2009 WL 2777040, at *1, n. 3 ("Neither ... plaintiff's ... SSI application nor his March 1978 withdrawal are in the record."). Similarly, the fact that Plaintiff did not recall signing a withdrawal form was expressly

stated in a document cited in that memorandum and order, in which Plaintiff stated that he did not recall signing the withdrawal form because the side effects of a medication he was taking during the first 3 or 4 months of 1978 left him in "a psychotic , almost incoherent mental state." Administrative Transcript, p. 27. To be sure, the Administrative Record did not contain the facts set forth in the Letter which relate to the reasons Plaintiff did not follow up on his 1978 application. However, there is nothing to suggest that these reasons would alter the conclusion reached by the Administrative Law Judge and this Court: that Plaintiff knowingly and voluntarily withdrew his application.

Moreover, the Letter was not postmarked until June 2017—almost eight years after the Court entered judgment in this case. Plaintiff does not explain why he could not have sought reconsideration earlier, except to say that he "just recently recalled supporting information that [he] didn't think of in 2008." Absent a showing of reasonable diligence in pursuing his claims, the Court finds that Plaintiff's motion was not made within a "reasonable time."

## *CONCLUSION*

To the extent that Plaintiff's letter postmarked June 6, 2017, can be construed as a motion for reconsideration of this Court's August 2009 memorandum and order granting the Commissioner's motion for judgment on the pleadings or the Court's September 2009 judgment in this case, the motion is denied.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Court

Dated: June 23, 2017
Brooklyn, New York

3